IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TRACEY HOBBS AND RODNEY HOBBS,

    Plaintiffs,

v.

WELLS FARGO BANK N.A., et al.,

    Defendants.

No. C 12-4060 RS

**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiffs Tracey and Rodney Hobbs brought this action in Alameda Superior Court in an attempt to stop defendant Wells Fargo Bank, N.A. from foreclosing on their home. The Hobbses contend Wells Fargo's predecessor-in-interest failed to disclose various alleged material facts at the time the loan was originated. The Hobbses also contend that Wells Fargo acted wrongfully in connection with its handling of their request for a loan modification. Finally, the Hobbses assert Wells Fargo violated certain statutory provisions during the foreclosure proceedings.

Wells Fargo moves to dismiss, contending that the state law claims are preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461, et seq. ("HOLA"), that certain claims are barred by the statute of limitations and/or *res judicata*, and that a number of other pleading defects require

dismissal. For the reasons set out below, the motion will be granted and the complaint dismissed with the exception of one claim for relief. Leave to amend will be granted in part.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims averred in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 US at 570). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 US at 555 ("threadbare recitals of the elements of the cause of action, supported by mere conclusory statements," are not taken as true).

## IV. DISCUSSION

### A. HOLA preemption

Wells Fargo contends that virtually all of the state law claims alleged are preempted by HOLA. Under HOLA, the Office of Thrift Supervision ("OTS") has issued regulations expressly preempting any state laws that purport to regulate such matters as credit terms, originating and

processing loans, and disclosures that must be provided in the lending process. *See* 12 C.F.R. § 560.2(b). Certain state laws, however, specifically including state contract, property, and tort law, are not preempted, "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." 12 C.F.R. § 560.2(c).

The Ninth Circuit has suggested a three-step process for determining whether a particular state law is preempted by HOLA:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas v. E\*Trade Mortg. Corp.,* 514 F.3d 1001, 1005 (9th Cir. 2008) (quoting OTS, Final Rule, 61 Fed.Reg. 50951, 50966-67 (Sep. 30, 1996)). In cases similar to this one, several courts in this District have held that state law claims are generally preempted under HOLA where the defendant is a federal savings bank subject to the statute. *See*, *e.g., Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428 (N.D.Cal 2010); *Stefan v. Wachovia,* 2009 WL 4730904 (N.D. Cal. 2009). To the extent that application of a state statute or tort claim for relief would have the effect of regulating a federal bank's loan terms, disclosure obligations, and similar matters, there can be no real dispute that HOLA preemption applies, and, as set out below, that principle conclusively bars many of the claims the Hobbses have advanced here.

Wells Fargo does not, and could not, contend, however, that HOLA preemption precludes the Hobbses from pursuing claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 or the Real Estate Settlement Procedures Act, 12 U.S.C. 2601, *et seq.* ("RESPA"), so those counts must be considered separately. Additionally, as addressed at length in prior orders regarding the Hobbses' application for preliminary relief, HOLA preemption does not bar their

3

claim under California Civil Code §2923.5. Similarly, Wells Fargo has not shown HOLA preemption to apply to the Hobbses' claims that arise from their efforts to obtain a loan modification.

Accordingly, the first claim for relief, entitled "Fraud in Origination of Loan," is dismissed without leave to amend, as it plainly is an attempt to use state law to regulate the lender's disclosure obligations and lending practices. The fifth claim for relief, which seeks the remedy of rescission, based on the same alleged wrongs, is likewise dismissed without leave to amend. The sixth claim for relief attempts to impose liability under California Business and Professions Code §17200 for the same alleged wrongs in connection with the origination of the loan. It too is therefore dismissed without leave to amend.

The Hobbses' seventh claim for relief asserts a hodgepodge of theories of liability. Those portions of the claim based on alleged violations of California Civil Code §1920(a) and California Civil Code §1921(b) are dismissed without leave to amend, as they indisputably represent state law regulation of lending and disclosure practices. The reference in the claim to alleged deficiencies in the handling of the Hobbses' request for a loan modification is untethered to the statutory violations asserted and is otherwise too vague to state a claim. That portion of the claim is dismissed with leave to amend, although the Hobbses should give careful consideration to whether the claim is duplicative of other counts and as to whether it is otherwise viable. Similarly, to the extent the claim is based on §2923.5, it fails to set out a basis for treating it separately from the violation of that statute alleged in the second claim for relief. Accordingly, that portion of the claim is also dismissed with leave to amend, and again the Hobbses should do so only if they have a good faith basis to assert it as a separate claim that is otherwise viable.

The eighth claim for relief, sounding in negligence, is dismissed without leave to amend to the extent it is based on events surrounding the origination of the loan. The Hobbses may amend to the extent they have a good faith basis for contending there was actionable negligence in connection with their effort to obtain a loan modification.

4

B. Civil Code §2923.5

As explained in prior orders, the Hobbses' allegations that Wells Fargo violated Civil Code §2923.5 are not preempted by HOLA, and on its face the complaint states a viable claim. Accordingly, the motion to dismiss will be denied as to the second claim for relief. Nevertheless, as discussed in the order denying a preliminary injunction, the evidence appears to show that Wells Fargo complied with the statute. Additionally, the only remedy for a violation of the statute is "a postponement of the sale before it happens." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010). Given the denial of the preliminary injunction, it seems likely the foreclosure sale has now taken place. The Hobbses are therefore directed to omit this claim from any amended complaint unless they have a good faith factual and legal basis to pursue it.

C. RESPA

In arguing that the Hobbses have failed to state a claim under RESPA, Wells Fargo contends that Exhibit G to the First Amended Complaint cannot be reasonably construed as a "Qualified Written Request" giving rise to any duties under the statute. As pointed out by the Hobbses' opposition but ignored by Wells Fargo on reply, Exhibit F is plainly labeled as a "Qualified Written Request" and therefore the challenge to the adequacy of Exhibit G is misdirected. Nevertheless, apart from some conclusory allegations, the complaint does not show how Wells Fargo's responses were legally inadequate or how cognizable damage resulted. Accordingly, the third claim for relief is dismissed, with leave to amend.

D. Breach of Contract

The Hobbses contend Wells Fargo breached an "oral contract" in connection with its denial of their request for a loan modification. While, as Wells Fargo recognizes, this claim is not barred by HOLA preemption, the complaint fails to allege adequately how such an oral contract was formed, the terms thereof, or how it was breached. Additionally, there appears to be an argument that plaintiffs' remedies, if any, relating to obtaining loan modifications may be governed by the disposition of *In Re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing And Sales*

*Practice Litigation*, 5:09-md-02015-JF (N.D. Cal). The fourth claim for relief is therefore dismissed. Although leave to amend will be granted, the Hobbses should do so only if there is a good faith basis to allege sufficient facts for a contract claim and that the claim is viable notwithstanding the prior litigation.

### E. Quiet Title

To the extent the Hobbses' quiet title claim is based on alleged wrongdoing in connection with the origination of the loan, it is dismissed without leave to amend. To the extent the claim is based on the alleged violation of Civil Code §2923.5, it is also dismissed without leave to amend, because even assuming that underlying claim remains viable, the only remedy is postponement of the sale, as noted above. The Hobbses are not precluded from attempting to state a quiet title claim based on some other underlying wrong, but should do so only if there is a good faith factual and legal basis to contend that any alleged wrongdoing affects title.

### F. Declaratory relief and accounting

The Hobbses' claims for declaratory relief and an accounting are derivative of and depend on the other claims dismissed by this order. The tenth and twelfth claims are therefore dismissed. Leave to amend is granted, subject to the same cautions noted above.

### G. FDCPA

The Hobbses' claim under FDCPA fails because an entity which forecloses on a property pursuant to a deed of trust is not a "debt collector" within the meaning of that statute, so long as it is clear that the entity obtained its interest prior to default. *Zhuravlev v. BAC Home Loans Servicing, LP,* 2010 WL 2873253, *2 (N.D.Cal. 2010). The allegations of the complaint make clear such circumstances exist here.[1] Accordingly, the eleventh claim for relief will be dismissed without leave to amend.

---

[1] Additionally, courts have concluded that foreclosure pursuant to a deed of trust does not constitute "collection of a debt" within the statutory meaning of the FDCPA. See, *e.g.*, *Jozinovich v. JP Morgan Chase Bank, N.A.,* 2010 WL 234895, at * 6 (N.D.Cal. 2010) ("[T]he activity of

## V. CONCLUSION

The First Amended Complaint is dismissed with the exception of the claim under Civil Code §2923.5. To the extent the Hobbses have a good faith basis to amend with respect to any claims for which leave to amend has been granted, any amended complaint shall be filed within 20 days of the date of this order. Wells Fargo's motion to strike is denied as moot, but in any amended complaint, plaintiffs shall ensure there is a sufficient factual basis set out to support any prayer for punitive damages. The initial Case Management Conference is continued to August 29, 2013 at 10:00 a.m.

IT IS SO ORDERED.

Dated: 6/24/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."); *Izenberg v. ETS Servs., LLC*, 589 F.Supp. 1193, 1199 (C.D.Cal. 2008); *Ines v. Countrywide Home Loans*, 2008 WL 4791863, at *2 (S.D.Cal. 2008).

7