1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TRACEY HOBBS AND RODNEY HOBBS,                No. C 12-4060 RS

                    Plaintiffs,

    v.                                                                          **ORDER GRANTING IN PART AND**
                                      **DENYING IN PART MOTION TO**
WELLS FARGO BANK N.A., et al.,                                 **DISMISS**

                    Defendants.

_____/

## I.  INTRODUCTION

      Plaintiffs Tracey and Rodney Hobbs brought this action in Alameda Superior Court in an

attempt to stop defendant Wells Fargo Bank, N.A. from foreclosing on their home.  Exercising their

right to amend once without leave of court, the Hobbses filed a First Amended Complaint ("FAC")

focused on claims arising from the origination of their loan, as well as on alleged wrongdoing in

processing their request for a loan modification and purported statutory violations in connection

with the foreclosure proceedings.  Wells Fargo's motion to dismiss the FAC was granted without

leave to amend with respect to all claims involving the origination of the loan, on grounds of

preemption under the Home Owners' Loan Act, 12 U.S.C. § 1461, et seq. ("HOLA"). Other claims

were also dismissed for a variety of defects, in some instances with leave to amend, and in others,

without.  A claim for violation of California Civil Code §2923.5 was allowed to stand, although the

**United States District Court**
For the Northern District of California

record created in connection with the Hobbses' request for preliminary relief had left serious

questions as to its factual basis.

The Second Amended Complaint ("SAC") sets out (1) the Civil Code §2923.5 claim, (2) a

claim under the Real Estate Settlement Procedures Act ("RESPA"), (3) a claim under the "Unfair

and Deceptive Business Act Practices" (presumably Cal. Bus. & Prof. Code §§17200, *et seq.*) for

alleged wrongdoing in connection with the loan modification request and initiating foreclosure, and

(4) various other claims for relief or requests for remedies all founded on the alleged wrongdoing in

connection with loan modification and/or foreclosure.  Wells Fargo's present motion to dismiss does

not challenge the Civil Code §2923.5 claim.  The viability of the RESPA claim turns on factual

issues not well suited for disposition on a motion to dismiss, so it will also be allowed to go forward.

The balance of the claims, however, must be dismissed as the Hobbses acknowledge they are class

members in *In Re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales*

*Practice Litigation*, 5:09-md-02015-RS (N.D. Cal.).  As such, their claims that Wells Fargo is not

complying with its obligations under the settlement reached in that matter must be raised in that

action.[1]

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a

complaint must include sufficient facts to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544,

570 (2007)).  A claim is facially plausible "when the pleaded factual content allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests

the legal sufficiency of the claims averred in the complaint.  *See Parks Sch. of Bus. v. Symington*, 51

F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may be based either on the "lack of

---

[1]  The fact that this action and *In re Wachovia* are now assigned to the same judge does not allow claims to be asserted here that are within the scope of the class action settlement.

a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 US at 570). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 US at 555 ("threadbare recitals of the elements of the cause of action, supported by mere conclusory statements," are not taken as true).

IV. DISCUSSION

A. *In re Wachovia*

The SAC is replete with allegations that Wells Fargo's handling of the Hobbses' request for a loan modification violated the terms of the settlement agreement in *In Re Wachovia.* Indeed, the SAC even references ongoing proceedings in that action relating to determining the adequacy of Wells Fargo's compliance with the agreement.  SAC, ¶17, 22. The Hobbses nonetheless insist that they are not attempting to "enforce" the settlement agreement and have only "pointed out" the alleged breaches as support for their unfair practices and negligence claims.

Regardless of the Hobbses intent in including allegations about *In re Wachovia*, the fact is that they have acknowledged they are class members therein, SAC, ¶83, 84, and their rights are therefore necessarily governed and constrained by the settlement agreement.  Jurisdiction over the claims the Hobbses are making lies within the *In re Wachovia* proceeding.  Accordingly, the §17200 claim, the negligence claim, and the counts seeking remedies of declaratory relief, quiet title, and an accounting, all must be dismissed without leave to amend, but without prejudice to whatever rights the Hobbses may have to seek relief in *In re Wachovia.*[2]

---

[2]  To the extent any of these counts purport to be predicated at least in part on the alleged Civil Code §2923.5 or RESPA violations, that does not support permitting them to go forward as independent claims.  As to §2923.5, the only remedy for a violation of the statute is "a postponement of the sale before it happens." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

**B. RESPA**

The RESPA claim in the FAC was dismissed on grounds that the Hobbses had pleaded insufficient facts to show how Wells Fargo's response to a Qualified Written Request ("QWR") was legally inadequate, or how cognizable damage resulted.  Wells Fargo contends the SAC still fails to plead damages sufficiently, and that the Hobbses are deliberately failing to address a document that undermines the factual basis of their claim.  While the allegations claiming damages are strained, the claim is not subject to dismissal on that basis.

On the merits, the Hobbses may very well be unable to prove that Wells Fargo failed to provide a legally adequate and timely response to a valid QWR.  The question appears to turn, at least in part, on the content of a letter Wells Fargo contends it sent, but which the Hobbs claim not to have received.   The factual issues raised as to the course of the written communications between the parties, and the content and effect of those communications, are not well suited for resolution in the context of a pleadings motion.  Accordingly, the motion to dismiss will be denied as to the RESPA claim.

V.  CONCLUSION

As noted, the present motion to dismiss does not challenge the Civil Code §2923.5 claim, which the prior order found adequately stated, although factually tenuous.  Accordingly, this action will go forward on that claim and on the RESPA claim only.[3]  The parties should submit a revised joint case management conference at least one week prior to the upcoming conference addressing how they propose to proceed.  Parties are reminded of their continuing obligation to withdraw claims in the event evidence develops during the course of the litigation that renders them no longer viable.

---

(2010).  While a RESPA violation could support damages, if any, it would not give rise to additional counts.

[3]   The parties have submitted a "Stipulation of Nonmonetary Status of Defendant NDeX West, LLC," presumably in reliance on Cal. Civ. Code §2924*l*.  While it is unclear whether the procedural device of Cal. Civ. Code §2924*l* is technically applicable in federal court, NDeX West will hereafter be deemed a nominal defendant unless otherwise ordered, and shall be bound to the extent set out in the parties' stipulation.

1    IT IS SO ORDERED.

2    Dated:  2/12/14

3                                          RICHARD SEEBORG
                                           UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California